857 A.2d 175

IN THE MATTER OF ROBERT J. BURNS,
AN ATTORNEY AT LAW.

September 17, 2004.

ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 03–363, concluding that **ROBERT J. BURNS** of **SOMERVILLE**, who was admitted to the bar of this State in 1990, and who thereafter was temporarily suspended from the practice of law by Order of this Court filed September 18, 2002, and who remains suspended at this time, should be suspended from the practice of law for a period of three months for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.1(b) (pattern of neglect), *RPC*

1.2(a) (scope of representation), *RPC* 1.3 (lack of diligence), *RPC* 1.4(a) (failure to communicate with client), *RPC* 1.4(b) (failure to explain matter to the extent reasonably necessary to permit client to make a informed decision regarding representation), *RPC* 1.15(b) (safekeeping property), *RPC* 1.16(d) (failure to protect a client's interest upon termination of representation), *RPC* 3.1 (meritorious claims and contentions), *RPC* 3.2 (failure to expedite litigation), *RPC* 3.4(c) (fairness to opposing party and counsel), *RPC* 8.1(a) and (b) (failure to cooperate with disciplinary authorities), and *RPC* 8.4(c) (conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to demonstrate that he is mentally fit to practice law and that he has cooperated with the attorney trustee in disbursing funds to respondent's clients, and that on reinstatement to practice, respondent should be required to practice under the supervision of a practicing attorney;

And the Court having granted the petition for review filed by the Office of Attorney Ethics and having ordered respondent to show cause why he should not be disbarred or otherwise disciplined;

And good cause appearing;

It is ORDERED that **ROBERT J. BURNS** is suspended from the practice of law for a period of three years and until the further Order of the Court, retroactive to September 18, 2002; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of suspension and that respondent comply with *Rule* 1:20–20; and it is further

ORDERED that respondent cooperate with the attorney trustee in the attorney trustee's performance of his responsibilities under the October 25, 2002 order of appointment; and it is further

ORDERED that prior to reinstatement to practice, respondent shall provide a certification from Alcoholics Anonymous that he has been attending meetings on a regular basis and shall be evaluated by the Lawyers' Assistance Program; and it is further

ORDERED that on reinstatement to practice and until the further Order of the Court, respondent shall not practice as a sole practitioner and shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics, which attorney may be an attorney within the firm respondent practices with; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.